UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ian Sullivan,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>IO, Inc. d/b/a Receivables Management Systems; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Ian Sullivan, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  The Plaintiff, Ian Sullivan ("Plaintiff"), is an adult individual residing in Lancaster, Pennsylvania, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, IO, Inc. d/b/a Receivables Management Systems ("RMS"), is a Virginia business entity with an address of 7206 Hull Street Road, Suite 211, North Chesterfield, Virginia 23235, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by RMS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. RMS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to RMS for collection, or RMS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. RMS Engages in Harassment and Abusive Tactics

12. Beginning in or around December 2013, RMS started calling Plaintiff on his cellular phone in an attempt to collect the Debt.

13. On each call to Plaintiff, RMS left a voice message on his phone. In its messages, RMS failed to identify the name of its company and failed to state the reason for its calls was debt collection.

14. On one occasion, Plaintiff returned RMS' call to determine the reason for its attempts to reach him.

15. During this conversation, RMS demanded Plaintiff establish a payment arrangement "immediately." The demand for immediate payment overshadowed and contradicted Plaintiff's debt validation rights under 15 U.S.C. § 1692g.

16. RMS failed to send Plaintiff written notice of validation of the Debt within five (5) days of initial communication.

### C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## **VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ*.**

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

22. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *ET SEQ.*

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Plaintiff is a "consumer," as defined in 73 P.S. § 2270.3.

30. The Defendants are each individually a "debt collector" as defined in 73 P.S. § 2270.3.

31.     The Defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., which constitutes an unfair or deceptive practice under 73 P.S. § 2270.4(a).

32.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

## VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

33.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

35.     The Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

36.     As a result of the Defendants' violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against the Defendants;
4. Statutory damages pursuant to 73 P.S. § 2270.5(c);

5. Actual damages pursuant to 73 P.S. § 201-9.2(a);

6. Statutory damages pursuant to 73 P.S. § 201-9.2(a);

7. Treble damages pursuant to 73 P.S. § 201-9.2(a);

8. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 14, 2014

Respectfully submitted,

By /s/ JBB8445

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff